UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

HOLMES COUNTY
CONSOLIDATED SCHOOL
DISTRICT, ET AL.
PLAINTIFFS

V.   CIVIL ACTION NO. 3:21-CV-508-DPJ-FKB

MISSISSIPPI DEPARTMENT OF
EDUCATION, ET AL.
DEFENDANTS

ORDER TO SHOW CAUSE

This case concerns the State of Mississippi's takeover of the Holmes County Consolidated School District. Plaintiffs, the District and its Superintendent and Board Members, filed their Emergency Verified Petition for Injunctive Relief, Declaratory Judgment, and Complaint for Discovery on August 4, 2021. Defendants include the Mississippi Department of Education; the Mississippi State Board of Education; the State Commission on School Accreditation; Rosemary Aultman, Chair of the State Board of Education; Pamela Manners, Chair of the State Commission on School Accreditation; Dr. Carey Wright, State Superintendent of Education; and Governor Jonathon Tate Reeves. Plaintiffs immediately moved for a Temporary Restraining Order [2] and a Writ of Mandamus [6].

The Court held a status conference with the parties on August 6, 2021, and ordered expedited briefing on the latter motion. Plaintiffs then filed an Amended Motion for Writ of Mandamus [16], along with a legal memorandum in support. In their response, Defendants argued that the Eleventh Amendment deprives the Court of subject-matter jurisdiction and that Plaintiffs' claims do not fall within the *Ex Parte Young* exception to the Eleventh Amendment. 209 U.S. 123 (1908). Specifically, Defendants argued that Plaintiffs "do not allege an ongoing violation of federal law," and "do not seek relief that can be characterized as prospective."

Defs.' Mem. [18] at 11.  In Reply, Plaintiffs did not squarely address these two elements, instead making the conclusory argument that Defendants "may not assert a sovereign-immunity defense to [Plaintiffs'] constitutional claims for prospective injunctive and declaratory relief."  Reply [19] at 4.

Without further analysis of these issues from the parties, the Court is not convinced it has subject-matter jurisdiction.  And this is a threshold issue that must be addressed before the Court can rule on the pending motions.  *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998).  The Court therefore directs Plaintiffs to show cause, on or before August 27, 2021, why this case should not be dismissed for lack of subject-matter jurisdiction.  Defendants should file a reply within 5 days of Plaintiffs' response.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2021.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE